**Donnie Brambridge STOWE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–03–00282–CR.**

Court of Appeals of Texas, El Paso.

Feb. 3, 2005.

Matthew Dekoatz, for appellant.

Jaime E. Esparza, El Paso, Tom A. Darnold, for appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Donnie Brambridge Stowe appeals his conviction for violation of a protective order. Appellant was indicted in four counts: stalking (Count I), violation of protective order (Count II), aggravated assault (Count III), and violation of protective order (Count IV). Appellant waived his right to trial by jury and pled guilty to Count II in exchange for dismissal of the remaining counts. In accordance with the plea agreement, the trial court deferred adjudicating Appellant guilty and placed him on community supervision for a term of six years. The State later filed a motion to adjudicate guilt, and the trial court found that Appellant had violated the terms of his community supervision and assessed punishment at imprisonment for six years. We affirm.

## FRIVOLOUS APPEAL

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by advancing contentions which counsel says might arguably support the appeal. *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim.App.1972); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App.1969). A copy of counsel's brief had been delivered to Appellant, and Appellant had been advised of his right to examine the appellate record and file a *pro se* brief. No *pro se* brief has been filed.

We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal. A further discussion of the arguable ground advanced in counsel's brief would add nothing to the jurisprudence of the state. The judgment is affirmed.